IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No. 20-CR-1719-KG |
| vs. | ) | |
| | ) | |
| **JUAN MIGUEL ALVAREZ,** | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' UNOPPOSED MOTION
TO CORRECT PLEA AGREEMENT**

On October 21, 2020, Defendant Juan Miguel Alvarez pled guilty to one count of

production of child pornography pursuant to a plea agreement with the United States. *See* Doc.

38.  In the plea agreement, there is a factual basis on page 4 that reads:

> **I began an inappropriate relationship with a 13-year-old minor.  I knew her
> age at the time.  We began communicating over the application "Talkatone."
> On February 26, 2020, I asked the minor to send me pictures of her vagina.
> The minor, using a Motorola Moto EG cell phone, then took several pictures
> of her bare vagina, which she sent to me.  I acknowledge that I persuaded the
> minor to take these pictures.  I also acknowledge that the pictures constitute a
> sexually explicit conduct, specifically a lascivious display of the genitalia, as
> defined by 18 U.S.C. § 2256(2)(A)(v).  I also now know that the cell phone used
> to create the photos was manufactured in India, thus the phone have to travel
> in foreign commerce to be present in New Mexico.  I also acknowledge that
> when I asked the minor to send me the picture, I anticipated she would do so
> through the Talkatone application, which requires both users to be connected
> to the internet.**

*Id*. at 38, pg. 4.

At the time Alvarez pled guilty, he was presented by Brock Benjamin.  Undersigned

counsel notes that there was a discussion between Mr. Benjamin and undersigned counsel about

taking out the following sentence from the factual basis of the plea agreement: "I knew her age at the time."  Undersigned counsel agreed to strike that sentence.[1]

Despite this agreement, it appears the version of the plea agreement that was filed on the docket still contains that sentence.  Undersigned counsel was not able to cover the plea hearing in this matter.  However, the transcript of the hearing has been obtained and a review of the transcript reveals that the factual basis read at Alvarez' plea hearing did not contain the sentence "I knew her age at the time."  *See* Exhibit 1[2] at pg. 18.  Thus, the United States, with the concurrence of counsel for the defendant, request that the Court strike that sentence from the filed plea agreement at the sentencing hearing that is currently set in this matter.

.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

***Electronically Filed 7/29/2022***
MARISA A. ONG
Assistant United States Attorney
200 N. Church St.
Las Cruces, NM 88001
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record.

_____/s/_____
MARISA A. ONG
Assistant United States Attorney

_____

[1] The United States is not required to prove that a defendant convicted of production of child pornography pursuant to 18 U.S.C. § 2251(a) knew the victim was minor.  *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 76 (1994) (explaining that when Congress omitted "knowingly" from § 2251(a) it reflected an intent by the Conference Committee that "intent [ ] is not a necessary element of a prosecution that the defendant knew the actual age of the child.").

[2] Exhibit 1 is the transcript from the plea hearing.