1        IN THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW MEXICO
2

3   UNITED STATES OF AMERICA,

4        Plaintiff,

5   vs.                    No. 20-CR-1719-KG

6   JUAN MIGUEL ALVAREZ,

7        Defendant.

8

9

10

11

12

13              PLEA HEARING
            VIA VIDEOCONFERENCING
14            October 21, 2020

15

16

17

    BEFORE:     HONORABLE GREGORY B. WORMUTH
18             United States Magistrate Judge

19

20

21

22

23

24

25

**GOVERNMENT**
**EXHIBIT**
**1**

1    MS. SOLIS:  For a change-of-plea hearing,

2  Court calls criminal number CR-20-1719-KG, Juan Miguel

3  Alvarez.

4    MR. BARTLETT:  Bradley Bartlett for the

5  United States.

6    MR. BENJAMIN:  Good afternoon, Your Honor.

7  Brock Benjamin on behalf of Mr. Alvarez, ready to

8  proceed with the plea hearing.

9    THE COURT:  All right.  Mr. Alvarez, will

10  you raise your right hand?  Do you promise to tell me

11  the truth today?

12    DEFENDANT ALVAREZ:  Yes, sir.

13    THE COURT:  Thank you.  You can put your

14  hand down.

15    Now that you have made that promise, if you

16  don't tell the truth, you can be charged with the crime

17  of perjury.  Do you understand that?

18    DEFENDANT ALVAREZ:  Yes, Your Honor.

19    THE COURT:  Please tell me your full name

20  and date of birth.

21    DEFENDANT ALVAREZ:  Juan Miguel Alvarez,

22  August 10th, 1974.

23    THE COURT:  At this time, are you under the

24  influence of drugs, alcohol or medication?

25    DEFENDANT ALVAREZ:  Medication, sir.

1    THE COURT:  Does any of that medication

2  cloud your mind or make it difficult for you to

3  understand what's happening?

4    DEFENDANT ALVAREZ:  No, sir.

5    THE COURT:  Are you suffering from any

6  illness or medical problem that makes it difficult for

7  you to understand what's happening?

8    DEFENDANT ALVAREZ:  I am suffering from

9  PTSD, bipolar and depression, but I do understand.

10    THE COURT:  All right.  And if at any time

11  during the hearing if, for any reason, you find

12  yourself, you know, not -- you know, understanding,

13  will you promise that you'll speak up about that to me?

14    DEFENDANT ALVAREZ:  Yes, Your Honor.

15    THE COURT:  All right.  So as I told you

16  when you were standing in the group, your case is in

17  court today because your attorney says you want to

18  plead guilty.

19    Is anyone forcing you or threatening you in any

20  way to make you plead guilty?

21    DEFENDANT ALVAREZ:  No, Your Honor.

22    THE COURT:  All right.  Now, again, when you

23  were up in the group, I told you about a number of

24  rights that you have.  And one of those was a right to

25  have a district judge preside over your plea hearing.

1    Did you understand that right?

2              DEFENDANT ALVAREZ:  Yes, Your Honor.

3              THE COURT:  And knowing that, are you still

4    willing to proceed in front of me today?

5              DEFENDANT ALVAREZ:  Yes, Your Honor.

6              THE COURT:  All right.  Now, the other thing

7    I told you about was the right to have an in-person

8    plea hearing.

9         Now, your attorney filed a notice with the Court

10   saying that you agree to have your hearing done

11   remotely.  Did you talk to him about that?

12             DEFENDANT ALVAREZ:  Yes, Your Honor.

13             THE COURT:  All right.  And, you know,

14   you've seen a little bit about how the hearing goes.  I

15   told -- you know, you got to hear when I was reading

16   all the rights earlier, and now we've had a little bit

17   of a chance to talk.  Are you okay with proceeding in

18   this fashion?

19             DEFENDANT ALVAREZ:  Yes, Your Honor.

20             THE COURT:  All right.  So, Mr. Alvarez, the

21   most important right I think I told you about was the

22   right to plead not guilty, because if you did that,

23   you'd get a trial in front of a jury of 12 people and a

24   jury trial comes with a bunch of other rights that I

25   told you about.  Did you understand those rights?

No. 20-CR-1719-KG                                    Plea Hearing
USA v. Juan Miguel Alvarez                        October 21, 2020

1    DEFENDANT ALVAREZ:  Yes, Your Honor.

2    THE COURT:  And do you understand that if

3  you plead guilty today, there's not going to be a

4  trial, and you're going to give up those rights?

5    DEFENDANT ALVAREZ:  Yes, Your Honor.

6    THE COURT:  All right.  Now, the charging

7  document with your name on it, that's -- it's called

8  the indictment.  Have you read that?

9    DEFENDANT ALVAREZ:  Yes, Your Honor.

10    THE COURT:  All right.  So, of course, we're

11  going to talk a little bit more about the plea hearing

12  in a moment.  But I understand that what I'm going to

13  be asking you to plead guilty to today is -- or asking

14  if you want to plead guilty to it today is Count 1 of

15  the indictment.  And that charges you -- Mr. Alvarez,

16  first let me have you -- that room that you're in, are

17  there any inmates or anyone that's in the room with

18  you?

19    DEFENDANT ALVAREZ:  No.  I'm by myself, Your

20  Honor.

21    THE COURT:  All right.

22    MR. BENJAMIN:  Thank you, Your Honor.

23    THE COURT:  So Count 1 charges you with

24  production of a visual depiction of a minor engaging in

25  sexually explicit conduct.  Do you understand that

1    charge against you?

2           DEFENDANT ALVAREZ:  Yes, Your Honor.

3           THE COURT:  I'm going to have the prosecutor

4    tell you two things about that crime, the maximum

5    punishment and then the elements that make it up.

6    Counsel?

7           MR. BARTLETT:  The elements include, A, the

8    defendant employed, used, persuaded, induced, enticed

9    or coerced the victim to take part in sexually explicit

10   conduct for the purpose of producing a visual depiction

11   of such conduct; B, at the time, the victim was a minor

12   under 18 years old; and, C, the visual depiction was

13   produced using materials that had been mailed, shipped

14   or transported across state lines or in foreign

15   commerce by any means, including by computer, or has

16   actually been transported or transmitted using any

17   means or facility of interstate or foreign commerce.

18          The maximum penalties include imprisonment for

19   not less than 15 years and not more than 30 years, a

20   fine not to exceed $250,000, a mandatory term of

21   supervised release of not less than five years and not

22   more than life, a mandatory special penalty assessment

23   of $100, and restitution as may be ordered by the

24   Court.

25          THE COURT:  All right.  Mr. Alvarez, those

1   are the elements and the maximum punishments that

2   apply.  Do you understand all of that?

3            DEFENDANT ALVAREZ:  Yes, Your Honor.

4            THE COURT:  Now, have you talked -- had

5   enough time to talk with your attorney about the facts

6   and circumstances of your case?

7            DEFENDANT ALVAREZ:  Yes, Your Honor.

8            THE COURT:  And are you satisfied with the

9   advice and representation you've received from him?

10           DEFENDANT ALVAREZ:  Yes, Your Honor.

11           THE COURT:  I understand that, with his

12   help, you've reached a plea agreement with the

13   government, and I've looked at a copy of it.  It looks

14   like you signed your plea agreement.  Did you sign it?

15           DEFENDANT ALVAREZ:  Yes, Your Honor.

16           THE COURT:  And before you signed it, did

17   you read it from the beginning to the end?

18           DEFENDANT ALVAREZ:  Yes, Your Honor.

19           THE COURT:  Before you signed it, did you

20   fully discuss it with your attorney?

21           DEFENDANT ALVAREZ:  Yes, we discussed it,

22   Your Honor.

23           THE COURT:  At this time, are you

24   comfortable that you understand your plea agreement?

25           DEFENDANT ALVAREZ:  Yes, Your Honor.

1      THE COURT:  I'm going to have your attorney

2    at this time summarize it.  I want you to listen,

3    Mr. Alvarez, because I'm going to ask you at the end if

4    what he -- how he summarizes it matches up with your

5    understanding.  Counsel?

6      MR. BENJAMIN:  Thank you, Your Honor.  This

7    is a plea agreement where my client is agreeing to

8    waive his trial rights which are on the bottom of

9    page 1 and enter a guilty plea.  The United States has

10   explained the elements of that offense and the

11   sentencing for that specific offense.

12     This, once again, is not a (c)(1)(C) plea

13   agreement.  However, the Court has noted the largest

14   benefit that is applied by this is it is a plea to one

15   out of the eight counts in the indictment.

16     The defendant is making an admission to the

17   facts on the bottom of page 4 in bold and is also

18   making stipulations that the defendant has clearly

19   demonstrated acceptance of responsibility and that

20   there is no Booker bar and the parties have the ability

21   to argue for a sentence within that statutory range,

22   which is different in this case, Your Honor.  It's a

23   very limited statutory range of 15 to 30 years.

24     And the defendant is agreeing to restitution.

25   Restitution, like it is in all these [INAUDIBLE] cases,

1   has not yet been determined at this point in time, Your

2   Honor.

3        And the defendant is also agreeing to a

4   forfeiture.  Those devices have been seized, it is my

5   understanding.

6        The defendant has an obligation to provide

7   truthful, accurate and complete information to the

8   United States Probation Office.  There are specific

9   conditions in paragraph 25 regarding registration,

10  notification that he has been made aware of, Your

11  Honor.

12       He is waiving his appellate rights, saving and

13  except for two reasons:  One, the government makes

14  material misrepresentations; or, two, I am ineffective.

15       The government is agreeing to not bring

16  additional charges and is to move at sentencing to

17  dismiss Counts 2 through 8 of the indictment.

18       This -- and, Your Honor, I explained the

19  provision here, that this is limited, paragraph 29,

20  only to the United States federal government.  This

21  does not apply to counts that were dismissed by the

22  State of New Mexico.

23       I further have represented to my client,

24  Mr. Alvarez, Your Honor, that normally the -- that does

25  not mean that those will come back.  But this agreement

1   does not encompass those, and we are not able to

2   prevent the United States -- or excuse me, prevent the

3   State of New Mexico -- I get tongue-tied every so

4   often -- from filing those charges.  He is represented

5   in those by other appointed counsel.

6          This is a voluntary plea, and any violation of

7   this plea agreement, Your Honor, would have serious

8   consequences, and the government could move forward on

9   the other seven counts that were dismissed.  And that

10  is it, Your Honor.

11         THE COURT:  All right.  Mr. Alvarez, did

12  that summary match up with your understanding of it?

13         DEFENDANT ALVAREZ:  Yes, Your Honor.

14         THE COURT:  All right.  There's just a few

15  things that I want to go over with you.  As your

16  attorney mentioned, you know, there's some stipulations

17  in the plea agreement, and the big one for you is

18  acceptance of responsibility.

19         What you have to understand about the

20  stipulations in your agreement is these are only

21  agreements you have with the prosecutor.  They're not

22  binding on your sentencing judge, which means it's

23  possible you could go to your sentencing hearing and

24  the judge could refuse to follow, you know, any of the

25  stipulations in the plea agreement.  And if that

1   happened, you still would not be allowed to withdraw

2   your guilty plea.  Do you understand that?

3          DEFENDANT ALVAREZ:  Yes, Your Honor.

4          THE COURT:  All right.  And, you know, your

5   attorney also discussed the restitution matter.  You

6   know, the restitution orders, which is a monetary

7   repayment that goes to victims, that can be a pretty,

8   you know, big number, and that number has not been

9   established yet in your case.

10         So if it's a number that you're not happy with,

11  you would not be allowed to withdraw your guilty plea,

12  and you would be -- you know, that restitution amount

13  would still be due and payable.  Do you understand

14  that?

15         DEFENDANT ALVAREZ:  Yes, Your Honor.

16         THE COURT:  All right.  And my next question

17  actually is for the government.  The forfeiture

18  provision in this plea agreement, I just want to make

19  sure that everybody is on the same page.

20         It's a very broad statement here of "any media

21  and/or electronic devices or computer-related media

22  that contains evidence or was an instrumentality of a

23  violation."

24         Mr. Benjamin, when he was summarizing that, I

25  think, made an assumption that I want to see if it's

1    correct.  Is the government seeking, under this

2    provision, to forfeit any materials that have not been

3    already seized?

4              MR. BARTLETT:  I don't believe so, Your

5    Honor.

6              THE COURT:  So when you say "I don't believe

7    so," I'm going to give you a chance to back up on that.

8    I just want to make sure because I'm going to -- in my

9    opinion, I think that we need to have a "yes" or "no"

10   from the United States on that.

11             MR. BARTLETT:  Understood, Your Honor.  I

12   don't know specifically the answer to that question.

13   If I may be excused to call the attorney assigned to

14   this case briefly to obtain an answer to that question.

15   Would that be acceptable to the Court?

16             THE COURT:  It would.

17             MR. BARTLETT:  Okay.  One moment, Your

18   Honor.  Thank you.

19             [Discussion off the record.]

20             THE COURT:  So, Mr. Alvarez, while he's

21   doing that, I want to talk to you about forfeiture in

22   general.  You know, when the government seeks to

23   forfeit items, that tends to be -- that's a complete

24   separate matter or -- you know, by that, I mean there

25   are a bunch of due process rights you have in a

1   forfeiture proceeding.  You know, you have a right to

2   notice, and you have a right to have a hearing to

3   determine whether any given item is subject to

4   forfeiture under the law.

5        What you're agreeing to in this plea

6   agreement -- and we're kind of nailing down exactly

7   what you're agreeing to it about -- but you're agreeing

8   to give up all your due process rights as to the

9   forfeiture of those items.  Do you understand that?

10           DEFENDANT ALVAREZ:  What does "forfeiture"

11   mean?

12           THE COURT:  Well, forfeiture basically means

13   that property that was yours becomes the property of

14   the United States government.

15           MR. BENJAMIN:  Your Honor, if I may explain

16   what I believe, and the Court [INAUDIBLE] assumption.

17        It's my understanding from talking to

18   Mr. Alvarez and reviewing the discovery and talking to

19   the assigned prosecutor that the two items that are

20   going to be forfeited are the blue Motorola cell phone

21   and a silver Samsung cell phone.  Both of those were

22   the instrumentalities that were used in the creation,

23   and they're being dismissed, but the distribution of

24   that.

25        And I understand the Court's concern.  I quite

1  frankly appreciate the Court's concern, but that is

2  where I'm understanding, Your Honor.

3          THE COURT:  All right.

4          MR. BENJAMIN:  But thank you.

5          THE COURT:  So, Mr. Alvarez, do you

6  understand now what "forfeiture" means?

7          DEFENDANT ALVAREZ:  That they're going to

8  take out those items?  They're not --

9          THE COURT:  What it means is whatever items

10  that are subject to forfeiture and what Mr. Benjamin

11  talked about just now is the two cell phones that were

12  used in the commission of the crime, those would then

13  become the property of the United States government

14  without any further action by them.  Do you understand

15  that?

16          DEFENDANT ALVAREZ:  Yes.  Yes, Your Honor.

17          THE COURT:  All right.  And I think we have

18  Mr. Bartlett back.

19          MR. BARTLETT:  Yes, Your Honor.  So the

20  government does not intend to seek forfeiture of any of

21  the items described in paragraph 19A of the plea

22  agreement that hasn't already been seized by the

23  government.

24          THE COURT:  All right.  So, Mr. Alvarez, I

25  just wanted to confirm that the language in the plea

1  agreement was broader than I typically see and, in

2  theory, could lead to forfeiture of items that you

3  might not expect them to.

4       But basically what the government is going to be

5  forfeiting in your case are the electronic devices that

6  they've already seized from you.  Do you understand

7  that?

8       DEFENDANT ALVAREZ:  That means they are

9  taking them out or --

10       THE COURT:  Well, it means that you'll never

11  see them again.  They'll become the property of the

12  United States government from now and forever.

13       DEFENDANT ALVAREZ:  That's fine, yes, sir.

14  I understand.

15       MR. BENJAMIN:  And do you remember we

16  discussed them keeping them?

17       DEFENDANT ALVAREZ:  Yes, I understand.

18       THE COURT:  All right.  And, Mr. Alvarez,

19  the last thing I want to talk to you about -- almost

20  the last thing -- is your attorney mentioned the waiver

21  of appeal rights that's in your plea agreement.

22       Now, ordinarily if someone just comes in and

23  pleads guilty to a charge they're facing, they actually

24  keep the ability to appeal their conviction and maybe

25  most importantly to appeal the sentence that's imposed

1  upon them.

2          But if you plead guilty with this plea

3  agreement, you're going to be giving up your appeal and

4  in virtually all circumstances.  There's only one real

5  exception, and that is that you could argue down the

6  road that your attorney gave you constitutionally

7  ineffective assistance of counsel.  But any other

8  argument that you might want to raise, you would not be

9  allowed to.  Do you understand that?

10          DEFENDANT ALVAREZ:  Yes, Your Honor.

11          THE COURT:  Now, we've been talking and your

12  attorney talked in terms of waiver of appeal rights,

13  but in that -- and that's just because that's the title

14  in the plea agreement.

15          But that paragraph also gives up another kind of

16  related right, which is the right to certain

17  post-conviction proceedings.  Some people call it a

18  2255.  Some people call it habeas corpus.  Some people

19  call it a collateral attack.  It all means the same

20  thing, and that is ordinarily you would have the right,

21  after your appeal is over, to come into court one more

22  time and argue that there was something wrong,

23  unlawful, about your conviction or your sentence.

24          But in giving up your right to appeal in that

25  section, you're also giving up your right to do that

1  collateral attack, with that same exception about

2  ineffective assistance of counsel.  Do you understand

3  that?

4        DEFENDANT ALVAREZ:  Yes, Your Honor.

5        THE COURT:  Now, have you talked with your

6  attorney about what he estimates your sentence will be

7  if you plead guilty today?

8        DEFENDANT ALVAREZ:  Yes, Your Honor.

9        THE COURT:  That's good and appropriate you

10 did that.  That's important advice that you received

11 from your attorney.

12       But you do have to understand that you'll be

13 sentenced, of course, at the discretion of the district

14 judge in your case, and that judge could give you a

15 sentence that's harsher than whatever your lawyer has

16 estimated for you.  In fact, if it would be reasonable

17 in your case, it could go up to the maximum the

18 prosecutor told you about.  Do you understand that?

19       DEFENDANT ALVAREZ:  Yes, Your Honor.

20       THE COURT:  All right.  Then let me ask you:

21 How do you plead to Count 1 of the indictment charging

22 production of a visual depiction of a minor engaging in

23 sexually explicit conduct?  Guilty or not guilty?

24       DEFENDANT ALVAREZ:  Guilty, Your Honor.

25       THE COURT:  So at this time, I'm going to

1   have the prosecutor tell you what he thinks the

2   government could prove to establish that count to a

3   jury if you went to trial.

4        Counsel?

5        MR. BARTLETT:   The United States would

6   establish beyond a reasonable doubt that prior to

7   February 26th, 2020, this defendant began an

8   inappropriate relationship with a 13-year-old minor.

9   They began communicating over of the application

10  Talkatone.

11       On or about February 26th, 2020, in Doña Ana

12  County, in the District of New Mexico, this defendant

13  asked the minor to send him pictures of her vagina.

14  The minor, using a Motorola Moto eg cell phone then

15  took several pictures of her bare vagina, which she

16  sent to him.   This defendant acknowledges that he

17  persuaded the minor to take these pictures.

18       This defendant also acknowledges that the

19  pictures constitute a sexually explicit conduct,

20  specifically a lascivious display of the genitalia as

21  defined by 18 USC 2256(2)(A)(v).   This defendant also

22  knows that the cell phone used to create the photos was

23  manufactured in India.   Thus the phone had to travel in

24  foreign commerce to be present in the state of

25  New Mexico.

1        He also acknowledges that when he asked the

2   minor to send him the picture, he anticipated she would

3   do so through the Talkatone application, which requires

4   both users to be connected to the Internet.

5        THE COURT:  All right.  Mr. Alvarez, are

6   those facts true in your case?

7        DEFENDANT ALVAREZ:  Yes, Your Honor.

8        THE COURT:  Mr. Benjamin, are you satisfied

9   that pleading guilty with this plea agreement is in

10  your client's best interest?

11       MR. BENJAMIN:  I am, Your Honor.

12       THE COURT:  I find that Mr. Alvarez is

13  competent and capable of entering an informed plea,

14  that he's aware of the nature of the charge against him

15  and the consequences of pleading guilty to it.  I find

16  his plea is knowing and voluntary and supported by

17  sufficient facts.

18       I further find that the national and

19  district-wide prerequisites to conducting a remote plea

20  hearing under the CARES Act are met.  I find the

21  defendant has knowingly and voluntarily consented to a

22  remote plea hearing.  I further find that the plea in

23  this case cannot be further delayed without serious

24  harm to the interests of justice.

25       Specifically, I rely on the reasons laid out in

1   the notice filed by the defendant, as well as the fact

2   that this will expedite a sentencing hearing in his

3   case, which will lead to a designation to BOP with

4   positive programs that Mr. Alvarez can avail himself of

5   that would not have otherwise been available as he is

6   currently detained.

7        So I am going to find that a remote plea hearing

8   is authorized under the CARES Act, and I will accept

9   his plea of guilty and now adjudge him guilty to

10  Count 1 of the indictment.

11       I will defer acceptance of the plea agreement to

12  the district judge who will sentence him.

13       I will order a standard presentence report in

14  this case.

15       Mr. Benjamin, anything else on his behalf?

16       MR. BENJAMIN:  No, Your Honor.

17       THE COURT:  All right, then.  Mr. Alvarez,

18  this concludes your plea hearing.  You are excused.

19       DEFENDANT ALVAREZ:  Thank you, Your Honor.

20       MR. BENJAMIN:  May I be excused, Your Honor?

21       THE COURT:  You may.  Have a good day.

22       MR. BENJAMIN:  Thank you, Your Honor.

23       MR. BARTLETT:  Thank you, Your Honor.

24       [Court in recess.]

25

REPORTER'S CERTIFICATE

I, Jenifer L. Russin, CCR #182, a Certified Court Reporter, do hereby certify that the proceedings of the above-entitled cause were reported by me stenographically and that the within transcript is a true and accurate transcription of my shorthand notes.

I FURTHER CERTIFY that I am neither an attorney nor counsel for, nor related to or employed by any of the parties to the action, and that I am not a relative or employee of any attorney or counsel employed by the parties hereto, or financially interested in the action.

*Jenifer L. Russin*

Jenifer L. Russin, CSR RDR CCR
Certified Court Reporter #182
License Expires:  12/31/2021